■ DIANE WADFORD, Appellant, v GERMOS GRUZ et al., Respondents. [826 NYS2d 57]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered February 23, 2006, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

On a motion for summary judgment, where the issue is whether the plaintiff has sustained a serious injury under the No-Fault Law, the defendant bears the initial burden of presenting competent evidence that there is no cause of action. The affirmation of defendants' examining physician, Dr. Hughes, failed to meet that burden. Although he reportedly found no evidence of any neck or back injury, Dr. Hughes failed to address plaintiff's objective tests that were indicative of a serious injury (*see Offman v Singh*, 27 AD3d 284 [2006]). MRI reports documented herniations of the spine, some of which were encroaching on the neural foramina, and EMG test results documented neurological sequelae resulting therefrom.

Plaintiff also came forward with sufficient evidence to create an issue of fact as to whether she met the threshold requirement of Insurance Law § 5102 (d). Dr. Goldenberg, who first examined the patient one week after the accident, indicated that plaintiff suffered from herniations in the neck and back, documented by the MRI testing referred to above, as well as EMG tests revealing radiculopathies. The MRI and EMG reports documenting these objective test results were annexed and authenticated.

Dr. Goldenberg further explained that plaintiff underwent

physical therapy for six months, and was instructed to perform a home exercise program when it was believed that she had reached maximum medical improvement. Plaintiff explained that no-fault stopped her benefits, and she thereafter discontinued therapy, thus explaining the gap in her treatment (cf. *Pommells v Perez*, 4 NY3d 566 [2005]). The motion court's speculation that plaintiff might have continued treatment through her private health insurer is belied by plaintiff's and Dr. Goldenberg's statements. In a more recent examination, Dr. Goldenberg documented ongoing restrictions of motion in plaintiff's neck and back, which in his opinion were permanent (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]).

Dr. Goldenberg also specifically noted that plaintiff had a prior accident in 1998, resulting in injury to her lower back. Dr. Goldenberg was in possession of the MRI report of the lumbar spine, taken after that earlier accident (which was also authenticated and submitted to the court), documenting disc bulges at L4-5 and L5-S1. Notably, these were the same discs that were herniated and encroaching on the nerve after the 2004 accident, save for an additional injured disc noted at L3-4. Dr. Goldenberg documented the differences in the reports and concluded that the herniations resulted from the 2004 accident. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.