■ In the Matter of THOMAS ETTINGER, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Appellants. [840 NYS2d 913]—

Appeal from an order and judgment (one paper), Supreme Court, New County (Karen S. Smith, J.), entered on or about October 12, 2005, unanimously withdrawn in accordance with the terms of the stipulation of the parties hereto. No opinion. Order filed. Concur—Mazzarelli, J.P., Nardelli, Buckley, Catterson and Malone, JJ.

■ In the Matter of MARGARET FOERSTER, Respondent-Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Appellants-Respondents. [840 NYS2d 913]—

Appeal from an order and judgment (one paper), Supreme Court, New York County (Karen S. Smith, J.), entered on or about September 9, 2005, unanimously withdrawn in accordance with the terms of the stipulation of the parties hereto. No opinion. Order filed. Concur—Mazzarelli, J.P., Nardelli, Buckley, Catterson and Malone, JJ.

■ GENEVIEVE GUADALUPE, Appellant, v BLONDIE LIMO, INC., et al., Respondents. [841 NYS2d 525]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about May 25, 2006, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established a prima facie entitlement to summary judgment by submitting evidence demonstrating that plaintiff did not sustain a serious injury as a result of the car accident between the parties. Specifically, defendants submitted the affirmed report of a neurologist who, upon examining plaintiff and performing objective tests, concluded that she had a normal range of motion of the lumbar and cervical spine, despite positive MRI findings (*see Thompson v Abbasi*, 15 AD3d 95, 96 [2005]). They also submitted plaintiff's bill of particulars and deposition testimony, which reveal that plaintiff was confined to bed and home for only a few weeks after the accident.

Plaintiff failed to raise a triable issue of fact that a serious injury was sustained within the meaning of Insurance Law § 5102 (d). Despite the positive MRI report, there were no objective findings immediately following the accident to demonstrate any initial range-of-motion restrictions on plaintiff's cervical and lumbar spine, or any detailed explanation for their omission (*Thompson*, 15 AD3d at 98). The quantitative range-of-motion assessment plaintiff did submit was made more than two years after the accident by a physician who examined her only on that one occasion (*see Atkinson v Oliver*, 36 AD3d 552 [2007]). There is thus a failure of proof relating this doctor's findings to an accident that occurred more than two years prior to his examination.

Plaintiff also failed to raise a triable issue of fact as to whether she was incapacitated from performing substantially all of her usual and customary activities for at least 90 of the first 180 days after the accident. The subjective claims of pain and "unsubstantiated claim of inability to perform [her] customary daily activities are insufficient to raise a triable issue of fact" (*Thompson*, 15 AD3d at 101). Concur—Friedman, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.