■ MICHAEL BRANTLEY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Sued Herein as NEW YORK CITY METROPOLITAN TRANSIT AUTHORITY, et al., Respondents, et al., Defendants. [852 NYS2d 81]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about December 18, 2006, which granted defendants' motions for summary judgment dismissing the complaint for lack of a serious injury as required by Insurance Law § 5102 (d), unanimously affirmed, without costs.

With respect to the 90/180-day category, defendants met their initial burden on the motion by submitting plaintiff's deposition testimony and bill of particulars indicating that he was confined to bed for only five days and missed only five days of work (*see Thompson v Abbasi*, 15 AD3d 95, 101 [2005]), and the report of an orthopedist who examined plaintiff about four months after the accident and found unrestricted range of motion. With respect to all categories of serious injury claimed by plaintiff, his opposition raised no issues of fact as to causation. While an MRI taken about three months after the accident indicated a herniated lumbar disc, the only objective evidence of limitations of motion is contained in a report of an orthopedist who examined plaintiff about four years after the accident—"too remote to raise an issue of fact as to whether the limitations were caused by the accident" (*Lopez v Simpson*, 39 AD3d 420, 421 [2007]), even if there were no evidence of a prior neck and back injury left unaddressed in the orthopedist's report and which kept plaintiff out of work for two months and on disability for six months (*see Pommells v Perez*, 4 NY3d 566, 579-580 [2005]; *Carter v Full Serv., Inc.*, 29 AD3d 342 [2006], *lv denied* 7 NY3d 709 [2006]). Without objective findings of limitations of motion contemporaneous with the accident, plaintiff's assertion that he has "difficulty" engaging in athletic activities, lifting heavy objects, and walking are insufficient to raise a triable issue as to whether there was a curtailment of his customary activities during the requisite 90/180-day period (*see Nelson v Distant*, 308 AD2d 338, 340 [2003]; *Grimes-Carrion v Carroll*, 17 AD3d

296, 297 [2005]). Concur—Lippman, P.J., Andrias, Nardelli, Buckley and Acosta, JJ.