■ ANDREA LUNKINS, Respondent, v IBRAHIMA TOURE et al., Appellants. [858 NYS2d 96]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered on or about September 21, 2007, which denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The affirmed reports of defendants' orthopedist and neurologist, detailing the objective tests performed on plaintiff, finding that plaintiff had full range of motion in her cervical, thoracic and lumbar spine and shoulder, and concluding that she had recovered from the sprain injuries to her spine and shoulder established defendants' prima facie entitlement to summary judgment (*see Guadalupe v Blondie Limo, Inc.*, 43 AD3d 669 [2007]). Defendants also submitted an affirmed report from their radiologist who found no abnormalities as a result of the accident (*see Lloyd v Green*, 45 AD3d 373 [2007]).

Plaintiff's opposition failed to raise a triable issue of fact as to whether she sustained a serious injury. Her deposition testimony revealed that she was involved in a second motor vehicle accident more than one year after the subject accident, in which she injured her neck, back and shoulder. The conclusion of plaintiff's treating orthopedist regarding the range of motion limitations found in plaintiff's neck, back and right shoulder

two years after the subject accident, failed to adequately address the possibility that plaintiff's limitations were caused by the second accident (*see Lopez v Simpson*, 39 AD3d 420, 421 [2007]; *see also Montgomery v Pena*, 19 AD3d 288, 289-290 [2005]). Plaintiff also failed to raise a triable issue of fact in the form of competent objective evidence substantiating her 90/180-day claim (*see Nelson v Distant*, 308 AD2d 338, 340 [2003]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ.