■ MARCIA F. RUSSELL, Respondent, v WAYNE A. MITCHELL et al., Defendants, and DARYL S. PAYNTER, Appellant. [874 NYS2d 71]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered July 14, 2008, which, insofar as appealed from as limited by the briefs, denied defendant-appellant's cross motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a "serious injury" within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the

law, without costs, and the cross motion granted. The Clerk is directed to enter judgment in favor of appellant dismissing the complaint.

Appellant established a prima facie entitlement to summary judgment by submitting the affirmed reports of an orthopedic surgeon and a neurologist, who reviewed plaintiff's medical records, examined her and performed detailed and objective tests before concluding that plaintiff had full range of motion in her cervical and lumbar spines and her shoulders, and that the sprain injuries she sustained had resolved (see Lunkins v Toure, 50 AD3d 399 [2008]). Appellant also submitted the affirmed reports of a radiologist, who determined that plaintiff's claimed injuries were not causally related to her accident, but rather were the result of a degenerative condition (see Becerril v Sol Cab Corp., 50 AD3d 261 [2008]). Furthermore, appellant submitted plaintiff's deposition testimony, where she stated, inter alia, that she missed no work as a result of the accident.

Plaintiff's opposition failed to present evidence rebutting the findings of appellant's doctors, specifically the opinion of the radiologist that the growth shown on the MRI was a degenerative condition that had developed over time (see Pommells v Perez, 4 NY3d 566, 580 [2005]). Nor does plaintiff raise a triable issue of fact regarding her 90/180-day claim. As noted, plaintiff went back to work immediately following the accident, and her subjective claims of pain and of her inability to perform household chores are insufficient to raise a triable issue (see Guadalupe v Blondie Limo, Inc., 43 AD3d 669, 670 [2007]). Concur—Saxe, J.P., Catterson, McGuire, Moskowitz and Acosta, JJ.