■ SHAMIKA TAYLOR, Appellant, v AMERICAN RADIO DISPATCHER, INC., et al., Respondents. [880 NYS2d 54]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered January 15, 2008, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a "serious injury" within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants established their prima facie case that plaintiff did not suffer a serious injury within the meaning of the statute by submitting the reports of two independent medical examina-

tions, and plaintiff failed to raise a triable issue of fact. Her experts' reports opining, based on positive MRI findings, that, as a result of the accident, she sustained a tear of the anterior talo-fibular ligament and a tear of the meniscus of the right knee that will require arthroscopic surgery are insufficient, absent objective, contemporaneous evidence of the extent and duration of the alleged physical limitations resulting from the injury (*compare Ayala v Douglas*, 57 AD3d 266 [2008]; *Bentham v Rojas*, 48 AD3d 314 [2008]).

With regard to plaintiff's claim that her injury prevented her from performing substantially all of her usual and customary activities for 90 of the 180 days following the accident, there was no contemporaneous medical proof submitted by plaintiff that she was unable to perform any activities in the 180 days following the accident. Without objective findings of limitations of motion contemporaneous with the accident, plaintiff's assertions that she cannot stand, sit or walk for extended periods without experiencing extreme discomfort and has been unable to work as an apprentice construction worker or as a part time bartender since the accident are insufficient to raise a triable issue of fact as to whether there was a curtailment of her customary activities during the requisite 90/180-day period (*see Brantley v New York City Tr. Auth.*, 48 AD3d 313 [2008]). Indeed, in the only contemporaneous evaluation of plaintiff's ability to work, dated less than two weeks after the accident, her treating physician left blank the entry in his records asking whether the patient was disabled from work. Concur—Tom, J.P., Andrias, Nardelli, Buckley and DeGrasse, JJ.