■ VICTOR PEREZ, Respondent, v PEDRO A. VASQUEZ et al., Appellants. [897 NYS2d 412]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered October 29, 2009, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to dismiss the 90/180-day claim, and otherwise affirmed, without costs.

Defendants satisfied their initial burden on summary judgment by establishing, prima facie, with the submission of medical reports from their experts, that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). Defendants also established, prima facie, that plaintiff had no 90/180-day claim by submitting excerpts of plaintiff's deposition testimony indicating that, during the 180 days immediately fol-

lowing the accident, he was confined to home and bed for only three weeks (*see Guadalupe v Blondie Limo, Inc.*, 43 AD3d 669, 670 [2007]).

In opposition, plaintiff raised a triable issue of fact as to whether he suffered a significant or permanent consequential limitation of use his right knee. In the near aftermath of the accident, plaintiff commenced receiving physical therapy three to four times a week on his right knee and was prescribed a brace for support. Three months after the accident, Dr. McMahon found that plaintiff's knee was unstable and causing him pain. Dr. McMahon explained that his findings were consistent with the MRI findings of a torn meniscus. Based on the forgoing, Dr. McMahon performed arthroscopic surgery on plaintiff's right knee, during which he saw the tear of the medial meniscus and determined that it was irreparable. In his most recent examination of plaintiff, he found a 15-degree limitation in the range of motion of plaintiff's right knee. Dr. McMahon gave a sufficient qualitative assessment of the limitation in plaintiff's right knee by explaining that the surgery permanently altered the load distribution of the knee, lessening its ability to sustain the load of walking, running or other daily activities (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]).

Plaintiff, however, failed to raise a triable issue of fact as to his 90/180-day claim. Plaintiff's subjective claims of pain are insufficient to raise a triable issue of fact (*see Guadalupe*, 43 AD3d at 670), and the record is devoid of any evidence showing that plaintiff was prevented from performing *substantially all* of the material acts constituting his usual and customary daily activities (*see Gibbs v Hee Hong*, 63 AD3d 559, 560 [2009]).

Any injury in the nature of a permanent scar was not identified in the bill of particulars and need not be addressed by this Court (*see Lopez v Abdul-Wahab*, 67 AD3d 598, 599 [2009]). In any event, there is no medical evidence as to the severity of the scars or any photographs for this Court to evaluate (*see Aguilar v Hicks*, 9 AD3d 318, 319 [2004]).

Plaintiff adequately explained the gap in treatment by asserting in his affidavit that he stopped receiving treatment for his injuries in April 2007 when his no-fault insurance benefits were cut off, and that he did not have private health insurance at that time (*see Wadford v Gruz*, 35 AD3d 258, 259 [2006]). Concur—Mazzarelli, J.P., Saxe, Nardelli, Abdus-Salaam and Román, JJ.