■ JOSE ROBERTO CORREA, Respondent, v ASM SAIFUDDIN et al., Appellants. [943 NYS2d 86]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered March 9, 2011, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's claim of serious injury under the 90/180-day category of Insurance Law § 5102 (d), affirmed, without costs.

Plaintiff was riding his bicycle on October 12, 2008, on his way to deliver food to a customer from the restaurant where he was employed, when his bicycle was struck from behind by a

taxi. He was thrown to the ground, injuring his head, neck, back, right knee and right shoulder, and brought this negligence action against the owner and the driver of the taxi, claiming serious injury. Defendants' appeal concerns only the portion of plaintiff's action that was not dismissed, namely, the claim that he suffered "serious injury" as defined in Insurance Law § 5102 (d) in that the accident caused "a medically determined injury or impairment of a non-permanent nature which prevents [him] from performing substantially all of the material acts which constitute [his] usual and customary daily activities" for at least 90 of the first 180 days after the accident. Plaintiff does not challenge the dismissal of his claims of serious injury based on assertions that his injuries constituted either a significant limitation of the use of a body function or system, or a permanent consequential limitation of a body organ or member.

The issue is whether defendants satisfied their burden in moving for summary judgment dismissing such a 90/180 claim. A defendant seeking summary judgment dismissing a claim bears the initial burden of coming forward with evidence that, absent contrary evidence creating an issue of fact, establishes as a matter of law that plaintiff cannot sustain this cause of action (*see Wadford v Gruz*, 35 AD3d 258 [2006]). "[U]nless that burden is met, the opponent need not come forward with any evidence at all" (*Penava Mech. Corp. v Afgo Mech. Servs., Inc.*, 71 AD3d 493, 496 [2010]).

In seeking summary judgment dismissing the 90/180 portion of plaintiff's claim, defendants relied on plaintiff's testimony at his deposition that he was confined to bed and home for one month immediately following the accident, and the absence of any further testimony regarding the remainder of the first 180-day period. They also asserted that plaintiff had failed to provide any certified medical directive that he refrain from work during that period. Finally, they pointed to their experts' opinions, which they characterized as concluding that plaintiff had suffered *no* trauma as a result of the accident, negating *any* type of serious injury claim.

The motion court ruled in favor of plaintiff on this point, holding that defendants did not satisfy their initial burden on their motion for summary judgment as it concerned his 90/180 claim, in that reliance on plaintiff's testimony that he was confined to his home and bed for one month was insufficient. We agree.

Plaintiff's bill of particulars dated May 28, 2009, specified that he was "incapacitated from pursuing his usual duties, tasks and employment from the date of the accident, October 12,

2008 to present." As a matter of logic, testimony that plaintiff was sometimes able to leave his house simply does not demonstrate that plaintiff will be unable to establish that his non-permanent injuries prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for at least 90 of the 180 days following the accident.

We recognize this Court has previously held that such a limited showing was sufficient as a defendant's prima facie showing on a summary judgment motion (*see Perez v Vasquez*, 71 AD3d 531 [2010]; *Guadalupe v Blondie Limo, Inc.*, 43 AD3d 669 [2007]). However, we are unable to discern from those decisions the reasoning justifying that aspect of those rulings.

As a point of comparison, where evidence shows, for example, that the plaintiff actually returned to work within the first 90 days after the accident, it is proper to dismiss 90/180 claims (*see e.g. Byong Yol Yi v Canela*, 70 AD3d 584 [2010]; *Brantley v New York City Tr. Auth.*, 48 AD3d 313 [2008]), since the ability to return to work may be said to support a legitimate inference that the plaintiff must have been able to perform at least most of his usual and customary daily activities. But the ability to leave the house, without more, does not similarly support any such inference.

On the other side of the issue, we have repeatedly held that proof that a plaintiff missed more than 90 days of work is not determinative of a 90/180 claim, since that proof alone is insufficient to established that the person was "prevented from performing *substantially all* of the material acts which constitute [his] usual and customary daily activities" (*Blake v Portexit Corp.*, 69 AD3d 426, 426 [2010] [internal quotations marks omitted]). But conversely, proof that a plaintiff was able to get out of bed or exit the house cannot affirmatively prove that the individual was able to perform substantially all his or her usual and customary daily activities.

As to defendants' suggestion that their experts' opinions showed that plaintiff suffered no trauma at all as a result of the accident, it is an overstatement. The experts offered no opinion as to whether plaintiff had sustained a non-permanent injury that prevented him from performing his usual activities during 90 of the first 180 days.

Since defendants failed to satisfy their burden of making a prima facie showing of entitlement to judgment based on their evidentiary submissions, plaintiff had no obligation to present evidence on the issue at all. That aspect of defendants' motion was therefore properly denied. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.

Freedman, J., dissents in a memorandum as follows: I respectfully dissent and would reverse because I disagree with the majority's opinion that defendants failed to meet their initial burden for their summary judgment motion on plaintiff's "90/180-day" claim (*see* CPLR 3212 [b]). Plaintiff's own deposition testimony sufficed to make a prima facie showing that defendants were entitled to judgment, and by finding otherwise the majority departs from an established line of rulings by this Court.

At his deposition, plaintiff testified that, following his accident, he was confined to his bed and his home for about one month. According to plaintiff, his physician told him he could not work, and plaintiff added that he did not feel "ready to work," could not walk like before, and could not bend over.

The majority acknowledges that in the past this Court has found that, in connection with 90/180-day claims, the defendants meet their initial burden under CPLR 3212 (b) by submitting the plaintiffs' testimony or bills of particulars indicating that their injuries did not significantly impair their activities for 90 days (*see Mitrotti v Elia*, 91 AD3d 449 [2012] [bill of particulars stated that plaintiff was confined to bed for two weeks and home for two months]; *Bonilla v Abdullah*, 90 AD3d 466, 468 [2011] [plaintiff stated in affidavit that she was only confined to bed and home for a few weeks after accident]; *Wetzel v Santana*, 89 AD3d 554, 555 [2011] [confined to bed for two or three days]; *Perez v Vasquez*, 71 AD3d 531, 532 [2010] [confined to bed and home for three weeks after accident]; *Byong Yol Yi v Canela*, 70 AD3d 584 [2010] [plaintiff was not confined and returned to work within 90 days of the accident]; *Linton v Nawaz*, 62 AD3d 434, 443 [2009], *affd* 14 NY3d 821 [2010] [plaintiff returned to work part-time 79 days after his accident]; *Guadalupe v Blondie Limo, Inc.*, 43 AD3d 669 [2007] [plaintiff confined for a few weeks]). But the majority downplays how frequently and consistently we have ruled on this issue, and makes no attempt to distinguish this action from the earlier cases.

Once defendants met their initial burden on the motion, plaintiff was required to come forward with evidence raising a triable issue of fact. However, plaintiff's submissions do not suffice. His statement that he did not feel ready to work, could not walk as he did before the accident, and could not bend over do not demonstrate that he was unable to perform "substantially all" of his "usual and customary daily activities" for at least 90 of the 180 days following the accident (Insurance Law § 5102 [d]; *see also Perl v Meher*, 18 NY3d 208, 220 [2011] [plaintiff's

subjective description of her injuries insufficient to defeat summary judgment]; *Blake v Portexit Corp.*, 69 AD3d 426, 426-427 [2010]). Moreover, plaintiff did not support his claim about his impairment with any medical proof (*see Lazu v Harlem Group, Inc.*, 89 AD3d 435, 436 [2011]; *Taylor v American Radio Dispatcher, Inc.*, 63 AD3d 407, 408 [2009]; *Brantley v New York City Tr. Auth.*, 48 AD3d 313 [2008]).

Accordingly, I would grant defendants summary judgment and dismiss the complaint.