| |
|---|
| **Miller v New York City Tr. Auth.** |
| 2025 NY Slip Op 32493(U) |
| July 14, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157498/2021 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. RICHARD TSAI**       PART       **21**

*Justice*

-----------------------------------------------------------------------------X

JERMAINE MILLER,

                Plaintiff,

          - v -

THE NEW YORK CITY TRANSIT AUTHORITY, MABSTOA, MTA, THE MTA BUS COMPANY, and MELVIN S. BALBUENA,

                Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157498/2021 |
| MOTION DATE | 03/27/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 54-74

were read on this motion to/for       SUMMARY JUDGMENT(AFTER JOINDER   .

In this action for personal injuries arising out of a motor vehicle collision, defendants now move for summary judgment dismissing the complaint on the grounds that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff opposes the motion.

## BACKGROUND

According to the complaint, on August 6, 2020, plaintiff Jermaine Miller was injured when a bus allegedly operated by defendant Melvin S. Balbuena made contact with plaintiff's vehicle on Lexington Avenue, at or near East 56th Street in Manhattan (Defendants' Exhibit A in support of motion, complaint ¶¶ 27, 30 [NYSCEF Doc. No. 58]).

According to the bill of particulars, plaintiff suffered, among other things, cervical radiculopathy and cervical sprain/strain; lumbosacral radiculopathy and lumbar sprain/strain; bilateral shoulder sprain/strain; and headaches (defendants' Exhibit B in support of motion, bill of particulars ¶ 8 [NYSCEF Doc. No. 59]). Based on plaintiff's birth year in the bill of particulars (1973), plaintiff was between 46-47 years old at the time of the alleged collision (*see id.* ¶ 2). Plaintiff "was confined to home for a period of approximately 1 [sic] except for necessary and essential excursions for required purposes," but "did not miss time from work" (*see id.* ¶ 9 [b], [d]).

At his deposition, plaintiff testified that he was driving a rented Dodge Caravan down Lexington Avenue to return the vehicle (Defendants' Exhibit D in support of motion, plaintiff's EBT at 29, lines 10-13; at 30, lines 14-15, 22-23; at 31, lines 18-19 [NYSCEF Doc. No. 61]). According to plaintiff, between 57th and 56th Street, a bus

**157498/2021   MILLER, JERMAINE vs. THE NEW YORK CITY TRANSIT AUTHORITY ET AL**      Page 1 of 7
     Motion No. 002

[* 1]

"came into my lane" (*id.* at 31, lines 12-14; at 33, lines 14-16).  Plaintiff stated that the bus was in the first lane, in the bus lane, and his vehicle was in the third lane (*id.* at 38, lines 16-19).   Plaintiff testified that, because a car was directly in front of the bus, the bus switched lanes to get around the car, entering plaintiff's lane of travel and "smashed my car" (*id.* at 39, line 23 through 40, line 2; at 40, lines 8-15).

Plaintiff testified that the bus struck the passenger side of his vehicle (*id.* at 46, lines 2-3).  According to plaintiff, the bus "almost knocked me off the road and I had like a ring in my ear" (*id.* at 45, lines 18-20).  As a result of the impact, plaintiff "hit the left side of the panel on the driver's side," and his left shoulder or arm hit the side of the vehicle (*id.* at 61, lines 8-9, 18-20).  Plaintiff testified that he also felt pain immediately in his right shoulder, back, and elbow (*id.* at 62, lines 19-22).

When asked if he had been confined to home for any period of time, plaintiff answered, "I was never confined, but I stopped doing a lot of things when I was first injured because I was in too much pain, so I stayed home a lot" (*id.* at 84, lines 21-24).  However, when asked if he went to work, plaintiff answered, "Yes, I was still back and forth.  Yes, I went to work" (*id.* at 85, lines 9-10).

In a supplemental bill of particulars, plaintiff disclosed that he had arthroscopic surgery of the right shoulder on October 19, 2022 (*see* defendants' Exhibit C in support of motion [NYSCEF Doc. No. 60]).

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action"(*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

On a motion for summary judgment, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

Here, defendants contend that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d).

### A.  "**Permanent consequential" or "Significant" limitations in use**

To establish a serious injury involving "permanent consequential" or "significant" limitations in use of a body function or part, a plaintiff must ultimately prove three elements: "(1) objective medical proof of an injury; (2) medical findings of limitations resulting from that injury, shown by quantitative or qualitative evidence, and (3) a causal

157498/2021   MILLER, JERMAINE vs. THE NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 2 of 7
Motion No.  002

2 of 7

connection between the injuries and the accident" (*Newby v Morales*, 220 AD3d 422, 422 [1st Dept 2023]).

On summary judgment, the defendant meets the prima facie burden by demonstrating that, as a matter of law, the plaintiff cannot establish at least one of these three elements which plaintiff must ultimately prove to prevail at trial. That is, the defendant meets the prima facie burden by establishing that: (1) there is no objective evidence of injury (*Aquino v Alvarez*, 162 AD3d 451, 451 [1st Dept 2018]); (2) the plaintiff has normal ranges of motion in the allegedly injured body parts, with no objective evidence of disability or permanency (*Peart v Carreras*, 227 AD3d 479, 479 [1st Dept 2024]; *Rosado v Haidara*, 224 AD3d 577, 577 [1st Dept 2024]); or (3) the alleged injuries were not causally related to the accident (*Ledesma v Rodriguez*, 217 AD3d 453 [1st Dept 2023]).

Defendants assert that plaintiff did not suffer a serious injury, based on the affirmed reports of their expert orthopedist, Dr. John L. Xethalis, and expert neurologist, Dr. Elizabeth Ortof.

Dr. Xethalis conducted an orthopedic exam of plaintiff on June 29, 2022 (Defendants' Exhibit E [NYSCEF Doc. No. 62]). Examination of the *cervical spine* revealed the following ranges of motion (in degrees [out of normal range indicated in **bold**):

|  | Normal | Plaintiff |
|---|---|---|
| Flexion | 50 | 50 |
| Extension | 60 | **40** |
| Right Lateral Flexion | 45 | 45 |
| Left Lateral Flexion | 45 | 45 |
| Right Rotation | 80 | 80 |
| Left Rotation | 80 | 80 |

(*id.* at 3). There was no spasm noted, and orthopedic tests were negative (*id.*).

Examination of the *lumbar spine* revealed the following ranges of motion (in degrees):

|  | Normal | Plaintiff |
|---|---|---|
| Flexion | 60 | 60 |
| Extension | 25 | 25 |
| Right Lateral Bending | 25 | 25 |
| Left Lateral Bending | 25 | 25 |

Straight leg raising test was negative at 80 degrees bilaterally, and orthopedic tests were negative (*id.* at 4).

157498/2021   MILLER, JERMAINE vs. THE NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 3 of 7
Motion No.  002

3 of 7

Examination of the *right shoulder* revealed the following ranges of motion (in degrees):

|  | Normal | Plaintiff |
|---|---|---|
| Flexion | 180 | 180 |
| Extension | 40 | 40 |
| Abduction | 180 | 180 |
| Adduction | 30 | 30 |
| Internal Rotation | 70 | 70 |
| External Rotation | 90 | 90 |

(*id.* at 4). Orthopedic tests were negative (*id.*).

Examination of the *left shoulder* revealed the following ranges of motion (in degrees):

|  | Normal | Plaintiff |
|---|---|---|
| Flexion | 180 | 180 |
| Extension | 40 | 40 |
| Abduction | 180 | 180 |
| Adduction | 30 | 30 |
| Internal Rotation | 70 | 70 |
| External Rotation | 90 | 90 |

(*id.* at 5).  Orthopedic tests were negative (*id.*).

Examination of the *right elbow* revealed the following ranges of motion (in degrees):

|  | Normal | Plaintiff |
|---|---|---|
| Flexion | 150 | 150 |
| Pronation | 90 | 90 |
| Supination | 90 | 90 |
| Extension | 0 | 0 |

(*id.* at 5).  Orthopedic tests were negative (*id.*).

Dr. Xethalis concluded that there is no objective evidence of an orthopedic disability (*id.* at 5).  "Although there are findings of decreased ranges of motion, this is subjective, not supported by objective findings, and all provocative tests are negative" (*id.*).

Dr. Ortof conducted a neurological evaluation of plaintiff on July 25, 2022 (Defendants' Exhibit E [NYSCEF Doc. No. 63]).  Examination of the *cervical spine* revealed the following ranges of motion:

157498/2021   MILLER, JERMAINE vs. THE NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 4 of 7
  Motion No.  002

[* 4]

|  | Normal | Plaintiff |
|---|---|---|
| Flexion | 50 | 50 |
| Extension | 60 | 60 |
| Right and Left Lateral Rotation | 80 | 80 |
| Right and Left Lateral Flexion | 45 | 45 |

(*id.* at 2).

Examination of the *lumbar spine* revealed the following ranges of motion (in degrees):

|  | Normal | Plaintiff |
|---|---|---|
| Flexion | 60 | 60 |
| Extension | 25 | 25 |
| Right and Left Lateral Flexion | 25 | 30 |

(*id.* at 2). Straight leg raising test was negative (*id.*).

Dr. Ortof concluded that plaintiff's neurological exam was normal (*id.* at 3). "The claimant [plaintiff] has no evidence on exam of cervical or lumbar radiculopathy" (*id.* at 4).

Given all the above, defendants established prima facie that plaintiff did not sustain "permanent consequential" or "significant" limitations in use of the cervical, thoracic, and lumbar spine, right and left shoulders, and right elbow, within the meaning of Insurance Law § 5102 (d). The affirmed report of Dr. Xethalis stated that, almost 14 months after the motor vehicle collision, plaintiff had full, normal ranges of motion in his lumbar spine, both shoulders, and right elbow (*Feliz v Fragosa*, 85 AD3d 417, 418 [1st Dept 2011]). Although plaintiff had less than normal range of motion in extension of his cervical spine, Dr. Xethalis concluded that the decreased range of motion was subjective, not supported by objective findings (*Nadim v Gadi Inc.*, 190 AD3d 648 [1st Dept 2021]).

In opposition, plaintiff submits affirmed narrative reports from Dr. David R. Payne, a radiologist and Dr. Shahid Mian; and medical records from Jeffrey Linder, a chiropractor.

Dr. Payne reviewed MRIs of plaintiff's left and right shoulders taken on January 12, 2022 (*see* plaintiff's Exhibit C in opposition [NYSCEF Doc. No. 71]). Dr. Payne concluded that plaintiff had an "anteroinferior labral tear" in each shoulder (*id.*).

According to plaintiff, he received three months of physical therapy and chiropractic treatment after the accident (*see* plaintiff's Exhibit A in opposition, Miller aff

157498/2021   MILLER, JERMAINE vs. THE NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 5 of 7
  Motion No.  002

5 of 7

[* 5]

¶ 5 [NYSCEF Doc. No. 69]).  He stopped treatment because his medical care "was terminated by no-fault" and "I could not afford to pay for treatment out of my own pockets" (Miller aff ¶ 7)

Dr. Mian stated that, to a reasonable degree of medical certainty, plaintiff's injuries to his right shoulder as well as his need for right shoulder surgery were causally related to his accident on 8/6/20, and not due to a pre-existing condition and/or degeneration (*see* plaintiff's Exhibit D in opposition, Mian affirm ¶ 3 [NYSCEF Doc. No. 72]).

Having reviewed plaintiff's evidence in opposition, the court finds that plaintiff failed to raise a triable issue of fact as to whether plaintiff suffered a "permanent consequential" or "significant" limitations in use of plaintiff's cervical and lumbar spine, both shoulders, and elbow.

Plaintiff did not submit any evidence of recent range-of-motion deficits or qualitative limitations in the use of the body parts to rebut defendants' prima showing of a lack of limitations in these affected body parts (*Kamara v Ajlan*, 107 AD3d 575, 576 [1st Dept 2013]).  "The mere existence of a tear in tendons, as well as a tear in a ligament, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration" (*Resek v Morreale*, 74 AD3d 1043, 1045 [2d Dept 2010]; *Byrd v Limo*, 61 AD3d 801, 802 [2d Dept 2009]). The records of Jeffrey Linder, a chiropractor, are not recent, for they span from August 6, 2020 through February 8, 2021 (*see* plaintiff's Exhibit E [NYSCEF Doc. No. 73]).

Although plaintiff's counsel claims that Dr. Mian examined plaintiff on March 23, 2023 and found limitations in plaintiff's cervical spine, plaintiff's shoulders, plaintiff's right elbow, and in plaintiff's knees (*see* affirmation of plaintiff's counsel ¶¶ 43-48),[1] defendants' counsel points out that there is no affirmation or affirmed report from Dr. Mian from this purported examination (*see* reply affirmation of defendants' counsel ¶ 17).

Therefore, defendants are granted summary judgment dismissing plaintiff's claims of serious injury under the categories of  "permanent consequential" or "significant" limitations in use."

### B.      90/180-day category

"Under Insurance Law § 5102 (d), an injury must be 'medically determined' to qualify under the 90/180–days category, meaning that the condition must be

---

[1] Although not raised by defendants' counsel, the court notes that injuries to plaintiff's knees were not pled in the bill of particulars or in the supplemental bill of particulars (*see* defendants' Exhibit B in support of motion, bill of particulars ¶ 8; *see also* defendants' Exhibit C in support of motion).

157498/2021   MILLER, JERMAINE vs. THE NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 6 of 7
Motion No.  002

6 of 7

substantiated by a physician. Additionally, the condition must be causally related to the accident" (*Damas v Valdes*, 84 AD3d 87, 93 [2d Dept 2011] [internal citations omitted]).

"In order to establish prima facie entitlement to summary judgment under this category of the statute, defendant must provide medical evidence of the absence of injury precluding 90 days of normal activity during the first 180 days following the accident. However, we have previously held that a defendant can establish prima facie entitlement to summary judgment on this category without medical evidence by citing other evidence, such as the plaintiff's own deposition testimony or records demonstrating that he or she was not prevented from performing all of the substantial activities constituting customary daily activities for the prescribed period" (*Elias v Mahlah*, 58 AD3d 434, 435 [1st Dept 2009]).

Defendants met their prima facie burden of summary judgment by submitting portions of plaintiff's deposition testimony showing that plaintiff did not claim to have been confined to bed or home for the requisite amount of time (*Windham v New York City Tr. Auth.*, 115 AD3d 597, 599 [1st Dept 2014]). At his deposition, plaintiff testified that he went to work (Miller EBT, at 85, lines 9-10). "[T]he ability to return to work may be said to support a legitimate inference that the plaintiff must have been able to perform at least most of his usual and customary daily activities" (*Correa v Saifuddin*, 95 AD3d 407 [1st Dept 2012]; *Lewis v Revello*, 172 AD3d 505, 506 [1st Dept 2019]).

Plaintiff failed to raise a triable issue of fact as to whether plaintiff suffered a serious injury under the 90/180-day category.

Therefore, defendants are granted summary judgment dismissing plaintiff's claims of serious injury under the 90/180-day category.

## CONCLUSION

It is hereby **ORDERED** that defendants' motion for summary judgment dismissing the complaint is **GRANTED**, and the complaint is dismissed with costs and disbursements to defendants as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that the Clerk is directed to enter judgment in defendants' favor accordingly.

20250714144710RTSAI94D9F077065948A9B26C059411916CCC

**7/14/2025**
**DATE**                                                 **RICHARD TSAI, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157498/2021   MILLER, JERMAINE vs. THE NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 7 of 7**
**Motion No.  002**