■ ROSEMARY ROSSI et al., Plaintiffs, v MALLAM ALHASSAN et al., Defendants. MALLAM ALHASSAN, Respondent, v MAHAMAD NIZAM et al., Appellants, et al., Defendant. [851 NYS2d 193]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered July 31, 2007, which denied the motion of

defendants Mahamad Nizam and Rajai Lutfi for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against these defendants. The Clerk is directed to enter judgment accordingly.

The affirmed medical reports of defendants' orthopedist and neurologist, detailing the objective tests they performed on examination, finding that plaintiff had full range of motion in his cervical and lumbar spine, and concluding that plaintiff had no ongoing impairment resulting from the accident, satisfied defendants' burden of establishing prima facie that plaintiff did not suffer a serious injury pursuant to Insurance Law § 5102 (d) (*see Nagbe v Minigreen Hacking Group*, 22 AD3d 326 [2005]). Plaintiff, however, failed to raise a triable issue of material fact as to whether his injury was serious. While he submitted evidence of pain, as well as evidence of herniated and bulging discs, he failed to submit the requisite contemporaneous quantitative assessment of range-of-motion limitations based on objective testing (*see Thompson v Abbasi*, 15 AD3d 95, 97 [2005]; *Arjona v Calcano*, 7 AD3d 279 [2004]). He also failed to offer competent medical proof that he could not perform substantially all his daily activities for 90 of the first 180 days following the accident because of an injury or impairment caused by the accident (*see Uddin v Cooper*, 32 AD3d 270, 272 [2006], *lv denied* 8 NY3d 808 [2007]; *Nelson v Distant*, 308 AD2d 338, 340 [2003]). Concur—Lippman, P.J., Tom, Buckley and Gonzalez, JJ. [*See* 2007 NY Slip Op 32361(U).]