■ Cheryl Lattan et al., Respondents, v Gretz Transit Inc. et al., Appellants. [865 NYS2d 599]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered January 28, 2008, which denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to dismiss the claims based on cervical, lumbar and right knee injuries, and otherwise affirmed, without costs.

Defendants demonstrated prima facie that plaintiff did not sustain a serious injury to her cervical or lumbar spine or right knee, by submitting the affirmed reports of an orthopedic surgeon and a neurologist finding normal cervical and lumbosacral ranges of motion and no evidence of disability and a radiologist's affirmed report finding a preexisting degenerative condition of the cervical spine and no evidence of recent trauma to the right knee. Thus, the burden shifted to plaintiff (*Franchini v Palmieri*, 1 NY3d 536 [2003]; *Smith v Brito*, 23 AD3d 273 [2005]). In opposition, plaintiff's doctor addressed the cervical injury only and failed to raise a triable issue of fact,

since he failed to quantify his findings at each plane of motion, to identify any objective tests, to compare his findings to normal ranges, and to address the degenerative changes found (*see Rodriguez v Abdallah*, 51 AD3d 590, 592 [2008]; *Smith v Cherubini*, 44 AD3d 520 [2007]).

Plaintiff's testimony that she was confined to bed and out of work for four months was insufficient to establish a serious injury, in the absence of "competent medical proof" of an injury or impairment that prevented her from performing substantially all her daily activities for at least 90 of the first 180 days following the occurrence of the injury (*see Rossi v Alhassan*, 48 AD3d 270 [2008]).

Defendants' failure to make a prima facie showing as to plaintiff's jaw injuries, including temporomandibular dysfunction, required the denial of that aspect of their motion, regardless of the claimed insufficiency of plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Concur—Tom, J.P., Gonzalez, Williams, Moskowitz and Freedman, JJ.