■ MARY CHRISTIAN, Appellant, v GEORGE WAITE et al., Respondents. [877 NYS2d 319]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered February 14, 2008, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established a prima facie entitlement to summary judgment by submitting evidence demonstrating that plaintiff did not sustain a serious injury within the meaning of Insur-

ance Law § 5102 (d) as a result of an automobile accident. Specifically, defendants submitted the affirmed report of a neurologist who, upon examining plaintiff and performing objective tests with range of motion calculations, concluded that she had a normal range of motion of the lumbar and cervical spine, despite positive MRI findings (*see Thompson v Abbasi*, 15 AD3d 95, 96 [2005]). They also submitted plaintiff's bill of particulars and deposition testimony, which reveal that plaintiff was confined to bed and home for only a few weeks after the accident.

Plaintiff failed to raise a triable issue of fact as to whether a serious injury was sustained. Despite the positive MRI report, there were no admissible objective findings immediately following the accident to demonstrate any initial range of motion restrictions on plaintiff's cervical and lumbar spine, or any detailed explanation for their omission (*Thompson*, 15 AD3d at 98). The quantitative range of motion assessment plaintiff did submit was made some two years after the accident by a physician who examined her for the first time on that occasion, apparently for purposes of litigation (*see Atkinson v Oliver*, 36 AD3d 552, 552-553 [2007]). We also note that there was a significant gap in treatment.

Plaintiff also failed to raise a triable issue of fact as to whether she was incapacitated from performing substantially all of her usual and customary activities for at least 90 of the first 180 days after the accident. The subjective claims of pain and "unsubstantiated claim of inability to perform [her] customary daily activities are insufficient to raise a triable issue of fact" (*Thompson*, 15 AD3d at 101). Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.