■ Billy Blake, Respondent, v Portexit Corp. et al., Appellants. [893 NYS2d 28]—

Defendants satisfied their initial burden on summary judgment by establishing, prima facie, with the submission of the medical reports of their expert neurologist, orthopedist and radiologist, that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). Defendants set forth objective tests supporting their claim that plaintiff suffered no limitation in range of motion.

Plaintiff, in response, raised a triable issue of fact as to whether he suffered a significant or permanent consequential limitation of use of his spine. His chiropractor "identified measurements of loss of range of motion in plaintiff's cervical and lumbar spine, and on that predicate opined that plaintiff suffered severe and permanent injuries as a result of the accident" (*Pommells v Perez*, 4 NY3d 566, 577 [2005]). The chiropractor adequately related plaintiff's spinal injuries to the accident.

However, plaintiff failed to raise a triable issue of fact as to whether his knee injury constituted a serious injury pursuant to Insurance Law § 5102 (d) (*see Antonio v Gear Trans Corp.*, 65 AD3d 869, 870 [2009]; *see also DeJesus v Paulino*, 61 AD3d 605, 608 [2009]).

Plaintiff also failed to raise a triable issue of fact as to his 90/180-day claim. The fact that he missed more than 90 days of work is not determinative (*see e.g. Ortiz v Ash Leasing, Inc.*, 63 AD3d 556, 557 [2009]); the statute requires plaintiff to be prevented "from performing *substantially all* of the material acts which constitute [his] usual and customary daily activities" (Insurance Law § 5102 [d] [emphasis added]). Plaintiff's chiropractor's affidavit, which said that plaintiff was "totally

disabled," was too general to raise an issue of fact (*see Valentin v Pomilla*, 59 AD3d 184, 186-187 [2009]; *see also Antonio*, 65 AD3d at 869-870), and the chiropractor's advice not to lift anything heavy also fails to create an issue of fact (*see Onishi v N & B Taxi, Inc.*, 51 AD3d 594, 595 [2008]; *Gorden v Tibulcio*, 50 AD3d 460, 463 [2008]). Even if one reads plaintiff's affidavit to say that for the first six months after the accident, he could not play sports with his children and had difficulty walking, going up stairs, and getting into cars, it does not raise a triable issue of fact because plaintiff's statement is unsupported by medical evidence (*see e.g. Pinkhasov v Weaver*, 57 AD3d 334, 335 [2008]) and because the activities listed therein do not constitute substantially all of his activities (*see Gibbs v Hee Hong*, 63 AD3d 559, 560 [2009]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Renwick and Román, JJ.