■ ALEJANDRO SANTIAGO et al., Respondent, v OMAR BHUIYAN et al., Appellants, and EDWIN M. LOPEZ et al., Respondents. [894 NYS2d 879]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered August 19, 2009, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motions for summary judgment dismissing the complaints of plaintiffs Rosario and Lopez, unanimously reversed, on the law, without costs, the motions granted, said complaints dismissed as against defendants-appellants, and, upon a search of the record, as against the remaining defendants' as well. The Clerk is directed to enter judgment in favor of all defendants dismissing said complaints.

Defendants-appellants met their initial burden of presenting objective medical evidence that the injured plaintiffs had not suffered a permanent consequential limitation of a body organ or a significant limitation of use of a body function or system through the affirmed reports of their medical experts (*see* Insurance Law § 5102 [d]; *Christian v Waite,* 61 AD3d 581 [2009]; *Blackmon v Dinstuhl,* 27 AD3d 241 [2006]). The burden having shifted, summary judgment was warranted because plaintiffs' experts failed to sufficiently raise triable issues of fact.

Plaintiffs also failed to raise triable issues of fact as to whether they were incapacitated from performing substantially all of their usual and customary activities for at least 90 of the first 180 days after the accident, having failed to offer the requisite competent medical proof to substantiate their claims (*see Antonio v Gear Trans Corp.*, 65 AD3d 869 [2009]; *Glover v Capres Contr. Corp.*, 61 AD3d 549 [2009]; *Lattan v Gretz Tr. Inc.*, 55 AD3d 449 [2008]).

Upon a search of the record pursuant to CPLR 3212 (b), we find that the nonappealing defendants' summary judgment motions should also be granted (*see Nickolson v Albishara*, 61 AD3d 542 [2009]; *Lopez v Simpson*, 39 AD3d 420 [2007]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Acosta and Renwick, JJ.