■ ZHIJIAN YANG, Respondent, v JERRY D. ALSTON et al., Appellants. [903 NYS2d 4]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.),

entered December 16, 2009, which, to the extent appealed from, granted plaintiff's motion to renew a prior order, same court and Justice, entered June 11, 2009, granting defendants' motion for summary judgment, and upon renewal, vacated the June 11, 2009 order and denied defendants' motion for summary judgment, unanimously modified, on the law, vacatur denied, defendants' motion for summary judgment granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Defendants met their initial burden of establishing prima facie that plaintiff did not sustain a serious injury (Insurance Law § 5102 [d]) by submitting the affirmed report of an orthopedic surgeon detailing the objective tests he had performed on examination, finding that plaintiff had full range of motion in her left hip, cervical and lumbar spine, and right knee, and concluding that plaintiff had no ongoing impairment resulting from the accident. Defendants pointed to plaintiff's deposition testimony wherein she admitted having been injured in both a prior and a subsequent accident, as well as her verified bill of particulars wherein she admitted only a brief convalescence.

The burden then shifted to plaintiff. Initially, we find that in the absence of any prejudice to defendants, renewal was properly granted to plaintiff to correct a procedural oversight on the previous motion and allow the submission of her examining physician's report in admissible form (see Cespedes v McNamee, 308 AD2d 409 [2003]). However, upon renewal, Supreme Court should have adhered to its original determination granting defendants' motion for summary judgment because plaintiff failed to raise a triable issue of material fact as to whether she sustained a serious injury in this accident.

The affirmed report of plaintiff's expert, submitted in support of the motion to renew, was deficient in several respects. While in his report the examining physician attempted to set forth range of motion findings with respect to plaintiff's spine and shoulder, he did not compare those findings to the standards for normal ranges of motion (see Johnson v Paulino, 49 AD3d 379 [2008]). The range of motion testing for the hips and knees yielded normal results with no loss of range of motion. In addition, the expert offered no explanation for plaintiff's two-year cessation of treatment; and he failed to mention, much less account for, plaintiff's prior and subsequent accidents, thus rendering speculative his conclusion that plaintiff's injuries were causally related to the subject accident (see Style v Joseph, 32 AD3d 212, 214-215 [2006]).

Plaintiff's serious injury claim, predicated on an alleged in-

ability to engage in substantially all of her daily activities for 90 of the first 180 days after the accident, was refuted by admissions in her verified bill of particulars that she was confined to bed for only two days and to home for one month. No competent medical proof was offered to substantiate her claim under the 90/180-day test (*see Rossi v Alhassan*, 48 AD3d 270 [2008]). Concur—Andrias, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.