■ MAURA RUBENCAMP, Appellant, v ARROW EXTERMINATING CO., INC., et al., Respondents. [913 NYS2d 68]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered August 11, 2009, which, in this action seeking damages as a result of injuries purportedly sustained in a motor vehicle accident, granted defendants' motion for summary judgment dismissing the complaint on the ground of lack of serious injury pursuant to Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants satisfied their initial burden of establishing, prima facie, the absence of any triable questions of fact so as to entitle them to judgment as a matter of law (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]). In support of their motion they submitted the affirmed reports of an orthopedic surgeon, a neurologist and a dentist, supported by specific tests that had

been performed upon plaintiff, establishing that the subject accident did not cause her to suffer a serious injury in the form of a permanent consequential limitation of a body organ or a significant limitation of use of a body function or system (*see Zhijian Yang v Alston*, 73 AD3d 562, 563 [2010]; *Santiago v Bhuiyan*, 71 AD3d 485 [2010]). In opposition thereto, plaintiff did not present any objective assessment of her condition, based upon sworn and/or certified records, that was contemporaneous with the accident (*see Pou v E&S Wholesale Meats, Inc.*, 68 AD3d 446, 447 [2009]; *Lopez v Abdul-Wahab*, 67 AD3d 598, 599 [2009]). While evidence, otherwise excludable at trial, may be considered for the purpose of denying a motion for summary judgment, such proof cannot be the sole basis for the court's determination (*see Clemmer v Drah Cab Corp.*, 74 AD3d 660, 661 [2010]). The affirmed report of August 4, 2008 by plaintiff's treating chiropractor, the only admissible medical evidence that was presented in opposition to defendants' motion, failed to raise a triable question of fact since it reviewed his findings from an examination performed in July 2008, which was 2½ years after the accident (*see Vargas v Ahmed*, 41 AD3d 328, 329 [2007]).

In any event, to the extent that the MRIs done upon plaintiff in March 2006 revealed that she had some herniated discs, it is well settled that the mere existence of "bulging or herniated discs are not, in and of themselves, evidence of serious injury without competent objective evidence of the limitations and duration of the disc injury" (*DeJesus v Paulino*, 61 AD3d 605, 608 [2009]). Moreover, plaintiff's alleged limitations were set forth in an unsworn report adopted by plaintiff's treating chiropractor in his own unsworn report, and, consequently, the motion court appropriately rejected the subject test results.

Insofar as concerned the 90/180-day category of serious injury, "the reference to plaintiffs' proof and deposition testimony sufficiently refuted the 90/180 day allegation of serious injury" (*id.* at 607). Concur—Mazzarelli, J.P., Friedman, McGuire, Renwick and Richter, JJ.