■ FABIO TORRES, Appellant, v TRIBORO SERVICES, INC., Respondent. [921 NYS2d 240]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered March 24, 2010, which, inter alia, in this action for personal injuries sustained in a motor vehicle accident, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established its prima facie entitlement to judg-

ment as a matter of law by demonstrating that plaintiff did not suffer a "permanent consequential limitation of use of a body organ or function" or a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). Defendant submitted the affirmed reports of a radiologist, who reviewed the MRI films and found degenerative changes in the cervical and lumbar spines and left knee, and of an orthopedist, who concluded that the degenerative changes were consistent with plaintiff's age, occupation and obesity, and found full ranges of motion and negative straight-leg and McMurray tests based on his examination of plaintiff (see DeJesus v Paulino, 61 AD3d 605 [2009]).

In opposition, plaintiff presented the affirmation of his treating physician, who found limited ranges of motion, and positive straight-leg raising test and McMurray test, when he first treated plaintiff on the day of the accident. Upon examining plaintiff 2¹/₂ years later, and finding that he still exhibited limited ranges of motion and a positive McMurray sign, the physician concluded that the injuries were permanent in nature. Although plaintiff's medical evidence was sufficient to raise triable issues of fact as to whether plaintiff's claimed injuries were serious (see Byong Yol Yi v Canela, 70 AD3d 584, 585 [2010]), it failed to raise a triable issue of fact as to causation, given that plaintiff's physician failed to address the non-conclusory opinions of defendant's expert that the new conditions revealed in the 2007 MRI's were degenerative in nature (see Pommells v Perez, 4 NY3d 566, 580 [2005]; Valentin v Pomilla, 59 AD3d 184 [2009]).

The motion court also correctly granted defendant's motion for summary judgment with respect to the 90/180-day claim. Defendant met its prima facie burden by submitting plaintiff's verified bill of particulars stating that he was not confined to his bed or home in connection with the accident and that he was able to continue working from the date of the accident (see Lopez v Abdul-Wahab, 67 AD3d 598 [2009]; Ortiz v Ash Leasing, Inc. 63 AD3d 556 [2009]). The statement in the affirmation of plaintiff's physician, that plaintiff was unable to perform most of his normal daily activities for more than 90 of the 180 days following the accident, was based on plaintiff's unsubstantiated claim that he could no longer perform the "heavy physical labor" associated with his job, and is insufficient to raise a triable issue of fact (see Guadalupe v Blondie Limo, Inc., 43 AD3d 669 [2007]). Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ.