■ ROSE MARIE LOPEZ, Respondent, v ALLEN EADES, Appellant. [921 NYS2d 858]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered July 8, 2010, which denied defendant's motion for summary judgment dismissing the complaint on the threshold issue of serious injury under Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in defendant's favor dismissing the complaint.

Defendant met his initial burden of establishing prima facie that plaintiff did not sustain a serious injury, by submitting the affirmed report of an orthopedic surgeon detailing the objective tests he performed on examination, his finding that plaintiff had full range of motion in her right wrist and right ankle, and his conclusion that plaintiff had no ongoing impairment resulting from the accident (*see Christian v Waite*, 61 AD3d 581 [2009]). Defendant also submitted the affirmed reports of a radiologist who reviewed MRIs taken within months after the accident and found no evidence of traumatic injury.

Plaintiff failed to proffer an adequate explanation for the six-

year cessation of treatment following two physical therapy sessions (*see Antonio v Gear Trans Corp.*, 65 AD3d 869, 870-871 [2009]; *Eichinger v Jone Cab Corp.*, 55 AD3d 364, 364-365 [2008]).

Plaintiff's 90/180-day claim is refuted by admissions in her verified bill of particulars and deposition testimony that she was confined to bed for only one day and missed less than 45 days of work (*see Williams v Baldor Specialty Foods, Inc.*, 70 AD3d 522 [2010]). She offered no competent medical proof to substantiate this claim. Concur—Gonzalez, P.J., Tom, Andrias, Moskowitz and Freedman, JJ.