■ GERHARD WETZEL et al., Appellants, v JUAN SANTANA et al., Respondents. [934 NYS2d 4]—

Defendants established their entitlement to judgment as a matter of law by presenting evidence showing that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). Defendants submitted the affirmed report of an orthopedist who examined plaintiff and found that he had normal ranges of motion in his cervical spine and that the limited ranges of motions in his lumbar spine were related to his age (*see Torres v Triboro Servs., Inc.*, 83 AD3d 563 [2011]).

In opposition, plaintiff did not raise a triable issue of fact. Plaintiff failed to submit competent medical evidence showing either recent or contemporaneous range of motion testing. Accordingly, he failed to demonstrate a causal connection between his injuries and the accident (*see Pou v E&S Wholesale Meats, Inc.*, 68 AD3d 446 [2009]). Although the unaffirmed report of the MRI performed upon plaintiff in November 2006 revealed the presence of herniated discs in the cervical spine, the mere existence of "bulging or herniated discs are not, in and of themselves, evidence of serious injury without competent objective evidence of the limitations and duration of the disc injury" (*DeJesus v Paulino*, 61 AD3d 605, 608 [2009]). The MRI also fails to support plaintiff's claims since it was taken more than two years after the accident.

Furthermore, plaintiff's bill of particulars, wherein he alleged that he was confined to bed for two to three days after the accident, is fatal to the claim under the 90/180-day category of Insurance Law § 5102 (d) (*see Lopez v Eades*, 84 AD3d 523 [2011]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Román, JJ.