■ Leida Ramos et al., Respondents, v Willis Rodriguez, Defendant, Executive Pickups, Appellant-Respondent, and Jose L. Cordero et al., Respondents-Appellants. [940 NYS2d 57]—

Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered June 23, 2011, denying defendants' motions for summary judgment dismissing the complaint based on the failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to grant the motions to the extent of dismissing plaintiffs' 90/180-day claims, and otherwise affirmed, without costs.

Defendants made a prima facie showing of entitlement to judgment as a matter of law as to plaintiff Ramos's claims of "permanent consequential limitation of use" and "significant limitation of use" of her right knee and cervical spine, and plaintiff Benvenutty's similar claims of serious injury to his lumbar spine. Defendants submitted expert medical reports finding normal ranges of motions in the subject areas, as well as

the MRI reports of a radiologist who opined that plaintiffs' MRI studies indicated preexisting and degenerative conditions (*see Spencer v Golden Eagle, Inc.*, 82 AD3d 589, 590-591 [2011]).

In opposition, plaintiffs raised a triable issue of fact. Plaintiff Ramos submitted the affirmation of a radiologist who found disc herniations and a meniscal tear on MRI films taken a month after the accident. Ramos also submitted the affirmation of her treating physician who, based on objective tests, found limitations in the range of motion of Ramos's right knee and cervical spine, opined that her injuries were causally related to the accident, and were not degenerative. In addition, she submitted an affirmation from the surgeon who performed surgery on her right knee in which he opined that her knee injury was causally related to the accident and was not degenerative (*see Spencer*, 82 AD3d at 591).

Plaintiff Benvenutty submitted the affirmation of his radiologist who found a herniated disc on an MRI film of his lumbar spine taken a month after the accident, and the affirmation of his treating physician who, based on objective tests, found limitations in the range of motion of Benvenutty's lumbar spine and opined that his injury was causally related to the accident and was not degenerative (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Bonilla v Abdullah*, 90 AD3d 466, 467 [2011]).

Plaintiffs' deposition testimony refuted their 90/180-day claims, since they alleged that they were confined to bed for only one week after the accident (*see Byong Yol Yi v Canela*, 70 AD3d 584, 585 [2010]). In addition, their treating physician's statements advising them to avoid activities that caused pain and discomfort were too general to raise an issue of fact with respect to those claims (*see Antonio v Gear Trans Corp.*, 65 AD3d 869, 869-870 [2009]). Concur—Saxe, J.P., Sweeny, Freedman and Manzanet-Daniels, JJ.