Defendants made a prima facie showing of entitlement to judgment as a matter of law as to plaintiffs claims of “permanent consequential” and “significant limitation of use” of his lumbar spine (Insurance Law § 5102 [d]). Defendants submitted expert medical reports finding normal ranges of motion, as well as the report of a radiologist who opined that changes shown in an MRI of plaintiff were degenerative.
In opposition, plaintiff failed to raise a triable issue of fact as to his lumbar spine injuries. His physician’s measurement of a minor limitation in one plane of range of motion was deficient in raising a triable of fact as to whether plaintiff sustained a serious injury (see Canelo v Genolg Tr., Inc., 82 AD3d 584 [1st Dept 2011]; see also Lattan v Gretz Tr. Inc., 55 AD3d 449 [1st Dept 2008]). Such finding does not amount to a serious, or important, limitation of the use within the meaning of Insurance Law § 5102 (d) (see Sone v Qamar, 68 AD3d 566 [1st Dept 2009]).
*535 Plaintiffs bill of particulars and deposition testimony refuted his 90/180-day claim, since he alleged that he was confined to home and bed for one week, after which time he returned to work (see Byong Yol Yi v Canela, 70 AD3d 584 [1st Dept 2010]). Concur — Andrias, J.E, Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.