Order, Supreme Court, Bronx County (Ben R Barbato, J.), entered February 7, 2012, which denied defendants Adorn Rental Transportation and Mamdee Jomandy’s motion for summary judgment dismissing the complaint as against them on the threshold issue of serious injury under Insurance Law § 5102 (d), unanimously modified, on the law, to grant the motion as to all plaintiff Luz Bermudez’s claims and as to plaintiff Jelissa Lugo’s 90/180-day claim, and otherwise affirmed, without costs.
Defendants established prima facie the absence of a serious injury in Bermudez’s cervical spine, lumbar spine, and right shoulder by submitting the affirmed report of their orthopedist who, after examining Bermudez and reviewing her medical records, found no significant limitations in those areas and concluded that the injuries were caused by degenerative conditions consistent with Bermudez’s age and history of morbid obesity (Torres v Triboro Servs., Inc., 83 AD3d 563 [1st Dept 2011]; Pines v Lopez, 88 AD3d 545, 545 [1st Dept 2011]). Defendants also submitted their radiologist’s and Bermudez’s own radiologist’s CT scan reports noting only degenerative changes. In opposition, Bermudez failed to raise a triable issue of fact, since her treating physician did not set forth findings of limitations in quantitative or qualitative terms (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]).
As to plaintiff Lugo, defendants’ orthopedist found normal ranges of motion in the left knee, lumbar spine and cervical spine, and their radiologist opined that the left knee MRI was normal. The orthopedist also opined that Lugo had bilateral patella malalignment, a preexisting condition (see Pommells v Perez, 4 NY3d 566, 572 [2005]). In opposition, Lugo raised a triable issue of fact as to her left knee by submitting the reports of her orthopedic surgeon, who, during arthroscopic surgery, observed a chondral lesion that he concluded was caused by trauma, and persisting knee instability and buckling even after the surgery. The surgeon’s conclusion that the worsened apprehension, persistent buckling, and patellofemoral instability were caused by the accident and that the symptoms persisted after surgery, and the conclusion of Dr. Martin Barschi, an orthopedic surgeon retained by the nonappealing defendants to perform an independent medical examination of plaintiff, that the chondral lesion was caused by trauma, raise an issue of fact as to causation (see Perl v Meher, 18 NY3d 208, 218-219 [2011]). *446 Lugo also raised a triable issue of fact as to the lumbar spine by submitting Dr. Barschi’s report finding a significant limitation in range of motion of the lumbar spine. This evidence, in conjunction with the finding by Lugo’s radiologist that her MRI showed a herniated disc in the lumbosacral spine, raises an issue of fact as to serious injury to the lumbar spine (see Toure, 98 NY2d at 353).
Serious injuries to Lugo’s left knee and lumber spine having been established, we need not address her failure to submit evidence of her alleged cervical spine injuries (see Linton v Nawaz, 14 NY3d 821 [2010]; Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]).
Defendants established that neither plaintiff sustained a 90/ 180-day injury, based on the deposition testimony of each that she was confined to home for only a month after the accident (see Zhijian Yang v Alston, 73 AD3d 562 [1st Dept 2010]). Neither plaintiff submitted any evidence to the contrary. Concur— Tom, J.P., Andrias, Freedman, Román and Gische, JJ.