Order, Supreme Court, New York County (George J. Silver, J.), entered April 25, 2012, which granted defendant’s motion for summary judgment dismissing the complaint based on the failure to establish a serious injury pursuant to Insurance Law § 5102 (d), unanimously affirmed, without costs.
Defendant made a prima facie showing that plaintiff Luetto did not suffer a serious injury to his right knee and lower back. Defendant submitted, among other things, the affirmed report of an orthopedist who opined that Luetto had no residuals from arthroscopic surgery performed four years earlier and no deficits in range of motion of his right knee, and the affirmed report of a radiologist who opined that the MRI film of Luetto’s lumbar spine showed no herniated or bulging discs {Spencer v Golden Eagle, Inc., 82 AD3d 589, 590-591 [1st Dept 2011]). Defendant also submitted evidence that Luetto had made claims for injuries suffered to his lower back in a prior and subsequent motor vehicle accident.
In opposition, plaintiffs failed to raise an issue of fact, since they submitted no medical evidence supporting Luetto’s claim of lumbar spine injury, and no evidence of current range-of-motion deficits or qualitative limitations in the use of his right knee to rebut the findings of defendant’s medical expert {see Mitrotti v Elia, 91 AD3d 449, 450 [1st Dept 2012]; Vega v MTA Bus Co., 96 AD3d 506, 507 [1st Dept 2012]).
Defendant also made a prima facie showing that plaintiff Garcia had full range of motion in her cervical and lumbar spine, that the MRI of her lumbar spine was normal, and that the MRI of her cervical spine showed a condition that was preexisting and congenital in origin {see Mitrotti, 91 AD3d at 449-450).
In opposition, Garcia failed to raise an issue of fact, since the only admissible medical evidence offered was the affirmation of her treating physician who provided no evidence of current range-of-motion deficits or qualitative limitations, and did not address the evidence that the cervical condition was congenital {see Mitrotti, 91 AD3d at 450). The uncertified and unaffirmed medical reports submitted by plaintiffs could not be used to raise an issue of fact (see Lazu v Harlem Group, Inc., 89 AD3d *559 435, 435-436 [1st Dept 2011]; Rubencamp v Arrow Exterminating Co., Inc., 79 AD3d 509, 510 [1st Dept 2010]). In any case, the mere “existence of . . . bulging and herniated discs is not evidence of serious injury in the absence of objective proof of the extent of the alleged physical limitations resulting from the injury, and its duration” (Williams v Horman, 95 AD3d 650, 651 [1st Dept 2012]).
Plaintiffs’ attacks on the credibility and reliability of defendant’s medical experts are unpreserved for appellate review (see Feliz v Fragosa, 85 AD3d 417, 418 [1st Dept 2011]), and, in any case, are without merit.
The court properly dismissed plaintiffs’ 90/180-day claims because, among other things, their bill of particulars alleged “incapacitation” of less than two months as a result of the subject accident (see Mitrotti, 91 AD3d at 450).
We have considered plaintiffs’ remaining contentions and find them unavailing.
Concur—Mazzarelli, J.P, DeGrasse, AbdusSalaam, Manzanet-Daniels and Clark, JJ.