MISKENIA SANTANA, Appellant, v TIC-TAK LIMO CORP. et al., Respondents. [966 NYS2d 30]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 6, 2012, which granted defendants' motion for summary judgment dismissing the complaint based on the fail-

ure to establish a serious injury pursuant to Insurance Law § 5102 (d), and denied plaintiff's cross motion for summary judgment on the issues of liability and the serious injury threshold, unanimously modified, on the law, to deny defendants' motion to the extent it seeks dismissal of plaintiff's claim of a permanent consequential or significant limitation to her cervical spine, to grant plaintiff's cross motion to the extent it seeks summary judgment on the issue of liability, and otherwise affirmed, without costs.

Plaintiff alleges she suffered injury to her cervical and lumbar spine, and missed 90 out of 180 days of work, following an accident in which defendant owner's car rear-ended her car.

Defendants made a prima facie showing that plaintiff did not sustain a permanent consequential or significant limitation to her spine by offering the affirmed reports of their orthopedist and neurologist, who found normal ranges of motion in plaintiff's cervical and lumbar spine, and of their radiologist, who found degeneration and no injury in plaintiff's cervical spine (see Ramos v Rodriguez, 93 AD3d 473, 473-474 [1st Dept 2012]).

In opposition, plaintiff raised an issue of fact with respect to her claimed cervical spine injury by submitting the affidavit of her treating chiropractor, who found continuing deficits in range of motion, which were caused by the accident, and the affirmed report of her radiologist, who opined that the MRI report of her cervical spine showed a disc bulge (see Ramos, 93 AD3d at 474). In light of defendants' prima facie showing, plaintiff is not entitled to summary judgment on the threshold serious injury issue. Moreover, plaintiff offered no objective evidence of injury to her lumbar spine.

Defendants met their initial burden with respect to plaintiff's 90/180-day claim, by submitting plaintiff's testimony that she was able to resume her normal activities two or three weeks after the accident. In opposition, plaintiff failed to raise an issue of fact. Her chiropractor's affidavit, stating that plaintiff was "totally disabled," was too general to raise an issue of fact (see Blake v Portexit Corp., 69 AD3d 426, 426-427 [1st Dept 2010]). Further, plaintiff's testimony established that she was not prevented from "performing substantially all of the material acts which constitute [her] usual and customary daily activities" (Insurance Law § 5102 [d]; Blake, 69 AD3d at 427).

Plaintiff established her entitlement to judgment as a matter of law on the issue of liability. When, as here, a rear-end collision occurs, the driver of the front vehicle is entitled to summary judgment on liability, unless the driver of the following ve-

hicle can provide a nonnegligent explanation for the collision (*see Cabrera v Rodriguez*, 72 AD3d 553 [1st Dept 2010]). Defendant driver's testimony that plaintiff "stopped short" and that he could not see her brake lights "is insufficient to rebut the presumption of negligence" (*id.* at 553; *see Farrington v New York City Tr. Auth.*, 33 AD3d 332 [1st Dept 2006]). Concur—Tom, J.P., Acosta, Renwick, DeGrasse and Richter, JJ.