*571 Order, Supreme Court, New York County (Arlene E Bluth, J.), entered September 6, 2013, which, insofar as appealed from, denied plaintiffs’ motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiffs established entitlement to judgment as a matter of law on the issue of liability in this action where plaintiffs’ stopped tour bus was struck in the rear by a truck owned by defendant Big Apple Moving & Storage and driven by defendant Skerret, who was an employee of Big Apple (see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Santana v Tic-Tak Limo Corp., 106 AD3d 572, 573-574 [1st Dept 2013]).
In opposition, Big Apple raised a triable issue of fact as to whether Skerret had permission to use the subject vehicle on a personal errand after business hours (see Murdza v Zimmerman, 99 NY2d 375, 380-381 [2003]; Vehicle and Traffic Law § 388 [1]). Although Skerret stated that he was not required to obtain permission to use the truck for personal purposes, Big Apple’s owner disputed this claim and stated that he never provided Skerret with permission to use the truck that day. Furthermore, Big Apple’s dispatcher stated that she told Skerret not to use the truck that day because it was experiencing brake problems. Such conflicting testimony should be resolved by a trier of fact (see Leon v City wide Towing, Inc., 111 AD3d 464 [1st Dept 2013]).
We have considered plaintiffs’ remaining contentions and find them unavailing.
Concur — Acosta, J.E, Renwick, Moskowitz, Freedman and Feinman, JJ.