Order, Supreme Court, Bronx County (Lucinda Suarez, J.), entered on or about June 18, 2013, which, upon renewal, adhered to a prior order, same court and Justice, entered on or about March 25, 2013, granting defendants’ motion for summary judgment dismissing the complaint based on plaintiff’s failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny defendants’ motion to the extent plaintiff alleged a serious injury consisting of a significant limitation in use of her right shoulder, and otherwise affirmed, without costs. Appeal from the order entered on or about March 25, 2013, unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.
Defendants made a prima facie showing that plaintiff did not suffer a serious injury to her cervical and lumbar spine or right shoulder. Defendants submitted an orthopedic surgeon’s affirmation finding normal range of motion in each part, and reports of expert radiologists stating that the MRIs of plaintiffs spine showed no disc herniations or bulges and no evidence of traumatic injury, and that the MRI of her right shoulder showed degenerative changes unrelated to the motor vehicle accident (see Frias v Son Tien Liu, 107 AD3d 589, 589 [1st Dept 2013]; Thomas v City of New York, 99 AD3d 580, 581 [1st Dept 2012], lv denied 22 NY3d 857 [2013]). Plaintiff failed to preserve her argument that defendants’ expert orthopedist skewed his range-of-motion testing by selecting normal values that were substantially lower than those used by him in other cases (see Luetto v Abreu, 105 AD3d 558, 559 [1st Dept 2013]). In any event, absent supporting medical evidence, the argument raises an issue of credibility for the factfinder (see id.).
In opposition, plaintiff did not submit evidence of a recent examination of her right shoulder, and therefore did not raise an issue of fact as to whether she sustained a permanent conse *541 quential limitation in the shoulder (see Martinez v Goldmag Hacking Corp., 95 AD3d 682, 683 [1st Dept 2012]). However, plaintiff raised an issue of fact as to whether she suffered a significant limitation in the shoulder, by submitting the affirmation of her treating orthopedic surgeon, who found qualitative limitations that persisted for almost two years after the accident, and required arthroscopic surgery to repair, following conservative treatment (see Thomas v NYLL Mgt. Ltd., 110 AD3d 613, 614 [1st Dept 2013]; Kone v Rodriguez, 107 AD3d 537, 538 [1st Dept 2013]; see also Trezza v Metropolitan Transp. Auth., 113 AD3d 402, 403 [1st Dept 2014]). The surgeon’s opinion as to causation, based on his examination of plaintiff, his review of her medical records, and his observations of her during surgery, was sufficient to raise an issue of fact (see Thomas, 110 AD3d at 614-615; Daniels v S.R.M. Mgt. Corp., 100 AD3d 440, 441 [1st Dept 2012]).
Plaintiff did not present evidence of permanent or significant limitations to her cervical or lumbar spine. However, if a “jury determines that plaintiff has met the threshold for serious injury [based on her shoulder injury], the jury may award damages for all of plaintiffs injuries causally related to the accident, even those not meeting the serious injury threshold” (Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]). Concur— Tom, J.P, Acosta, Freedman and Kapnick, JJ.