Carni and DeJoseph, JJ.
(dissenting). We respectfully dissent because we cannot agree with the majority’s conclusion that Supreme Court erred in granting that part of defendant’s motion for summary judgment seeking to dismiss plaintiff’s claim of a serious injury under the 90/180-day category set forth in Insurance Law § 5102 (d). We would therefore affirm the order granting summary judgment dismissing the complaint.
We conclude that defendant met her initial burden on the motion of establishing as a matter of law that plaintiff did not sustain a serious injury under the 90/180-day category by submitting, inter alia, plaintiff’s deposition testimony and the affirmed report of the physician who conducted an independent medical examination (IME) for defendant.
Plaintiff testified that he did not work during the first six months after the accident. He also noted that, prior to the accident, he played basketball three times per week, but within the first six months after the accident he played much less, i.e., “here and there,” “probably . . . once a week.” Plaintiff also testified that he continued to help his mother around the house, “but not as much as he used to.” In our view, it is not dispositive that plaintiff was out of work for more than 90 days following the accident (see Ahmed v Cannon, 129 AD3d 645, 647 [2015]; Davis v Cottrell, 101 AD3d 1300, 1303 [2012]; Bailey v Islam, 99 AD3d 633, 634 [2012]; Simpson v Montag, 81 AD3d 547, 548 [2011]; Blake v Portexit Corp., 69 AD3d 426, 426 [2010]). In addition, even though plaintiff was unable to do certain household chores and could not play basketball as much as he used to, we conclude that those restrictions do not equate to being unable to perform substantially all of the material acts which constitute his usual and customary daily activities for 90 out of 180 days following the accident (see Gaddy v Eyler, 79 NY2d 955, 958 [1992]; Omar v Goodman, 295 AD2d 413, 414 [2002]). Moreover, the restrictions listed by plaintiff are simply not supported by any medical evidence in the record (see Blake, 69 AD3d at 426-427).
The IME physician acknowledged in his report that plaintiff was out of work for six months after the accident, but he also noted that plaintiff’s medical records established that his cervical flexion and extension were full during this time period and *1350 that plaintiff was maintained on disability based only on his own subjective complaints. The IME physician opined that, although plaintiff sustained an acute cervical strain as a result of the accident, he did not sustain any type of injury that would have incapacitated him from work and/or his routine activities for a prolonged period of time. In our view, “[t]he [IME] physician described his review of [plaintiff’s] medical records from the relevant [90/180-day] time period and set forth his conclusions with respect to those records” and, thus, we conclude that the IME physician’s affirmed report was sufficient to satisfy defendant’s initial burden (Alcombrack v Swarts, 49 AD3d 1170, 1172 [2008]).
We further conclude that plaintiff failed to raise a triable issue of fact in opposition to that part of defendant’s motion concerning the 90/180-day category of serious injury (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff failed to provide a link between the alleged injuries and the alleged curtailment on his activities, including work (see Womack v Wilhelm, 96 AD3d 1308, 1311 [2012]; Blanchard v Wilcox, 283 AD2d 821, 824 [2001]). “It was incumbent upon plaintiff to present medical evidence that [his] injuries from the automobile accident were the cause of [his] disability over the applicable period” (Kimball v Baker, 174 AD2d 925, 927 [1991]). Even if we were to agree with the majority that the June 9, 2010 MRI findings — which were obtained 110 days after the accident — constituted the requisite objective evidence, plaintiff clearly failed to establish that his “restrictions were medically indicated and causally related to the accident” (Calucci v Baker, 299 AD2d 897, 898 [2002]; see Dann v Yeh, 55 AD3d 1439, 1441 [2008]). “Notably, none of plaintiff’s medical records from within the initial 180-day period following the accident referenced any limitations on [his] usual daily activities” (Womack, 96 AD3d at 1311). The majority’s reliance on a June 7, 2010 medical note — which came 108 days after the accident — indicating that plaintiff “will remain off work” is similarly misplaced. Even if plaintiff’s physician pulled plaintiff out of work, “it cannot be determined from [the record] whether that direction was given in response to an objective medical problem or was made simply in response to plaintiff’s complaints of pain” (Kimball, 174 AD2d at 927; see Dongelewic v Marcus, 6 AD3d 943, 945 [2004]).
Present — Whalen, P.J., Centra, Carni, DeJoseph and Troutman, JJ.