Morrison v Santana (2020 NY Slip Op 02875)





Morrison v Santana


2020 NY Slip Op 02875


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Friedman, J.P., Gische, Kapnick, González, JJ.


11511 303662/16

[*1] Natisha Morrison, Plaintiff-Appellant,
v
Juan Santana, Defendant-Respondent.


Krentsel & Guzman, LLP, New York (Marcia K. Raicus of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered April 11, 2019, which granted defendant's motion for summary judgment dismissing the complaint due to plaintiff's inability to demonstrate that she sustained a serious injury to her right knee within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendant satisfied his prima facie burden of showing that plaintiff did not sustain a serious injury to her right knee by submitting the report of his orthopaedic surgeon, who found that plaintiff's knee had normal range of motion (see Diakite v PSAJA Corp., 173 AD3d 535 [1st Dept 2019]; Mendoza v L. Two Go, Inc., 171 AD3d 462 [1st Dept 2019]), and opined that her emergency room records were inconsistent with her claimed right knee injury (see Streety v Toure, 173 AD3d 462 [1st Dept 2019]). Defendant also demonstrated that the claimed knee injury was not causally related to the accident based on the orthopaedic surgeon's finding that the operative report showed degenerative conditions not related to the accident (see Jenkins v Livo Car Inc., 176 AD3d 568, 569 [1st Dept 2019]; Santos v Manga, 152 AD3d 416, 416 [1st Dept 2017]).
In opposition, plaintiff failed to raise an issue of fact, since the uncertified and unaffirmed medical report of her expert could not be considered (see Luetto v Abreu, 105 AD3d 558, 558 [1st Dept 2013]). In any event, plaintiff's expert's last measurement of only about an eight-degree deficit in range of motion was too minor for purposes of Insurance Law § 5102(d) (see Cabrera v Apple Provisions, Inc., 151 AD3d 594, 596 [1st Dept 2017]; Aflalo v Alvarez, 140 AD3d 434, 435 [1st Dept 2016]). Plaintiff's expert also did not address the degenerative conditions he found during surgery or explain why plaintiff's current symptoms were not related to preexisting conditions (see Auquilla v Singh, 162 AD3d 463, 464 [1st Dept 2018]; Acosta v Traore, 136 AD3d 533, 534 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK