Chawdhury v 3511 Sys. Inc. (2021 NY Slip Op 02357)





Chawdhury v 3511 Sys. Inc.


2021 NY Slip Op 02357


Decided on April 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 20, 2021

Before: Webber, J.P., Kern, Oing, González, JJ. 


Index No. 251506/14 Appeal No. 13508 Case No. 2018-3408 

[*1]Mohammed Chawdhury, Plaintiff-Respondent,
v
3511 Systems Inc., et al., Defendants-Appellants.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Brooklyn (Thomas Torto of counsel), for appellants.
Kerner & Kerner, P.C., New York (Richard A. Kerner of counsel), for respondent.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered on or about August 29, 2017, which denied defendants' motion for summary judgment dismissing the complaint based on the threshold issue of serious injury under Insurance Law § 5102(d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants established prima facie entitlement to summary judgment through the affirmed reports of their medical experts. Defendants' neurologist found normal ranges of motion in plaintiff's lumbar and cervical spine, and negative results on other tests, and concluded that the examination was normal (see Pastora L. v Diallo, 167 AD3d 424, 424-425 [1st Dept 2018]). In addition, defendants' radiologist opined that the MRI of plaintiff's cervical spine performed shortly after the accident revealed disc desiccation and other findings that were degenerative, nontraumatic and not causally related to the accident (see Diakite v PSAJA Corp., 173 AD3d 535, 536 [1st Dept 2019]; Macdelinne F. v Jimenez, 126 AD3d 549, 551 [1st Dept 2015]).
In opposition, plaintiff submitted only the report of a physician who examined him six years after the accident and found limitations in range of motion of his cervical and lumbar spine. That examination, without any admissible evidence of plaintiff's condition and treatment contemporaneous with the accident, was too remote to raise an inference that the limitations found six years later were causally related to the accident (see Jung Ung Moon v Kumbee Ree P. Some, 189 AD3d 628, 629—630 [1st Dept 2020]; Camilo v Villa Livery Corp., 118 AD3d 586, 587 [1st Dept 2014]; see also Rosa v Mejia, 95 AD3d 402, 403 [1st Dept 2012]; Christian v Waite, 61 AD3d 581, 581 [1st Dept 2009]). Although plaintiff testified that he went to the emergency room and started physical therapy shortly after the accident, he failed to submit any of those records (see Rosa v Mejia, 95 AD3d at 403), and his physician's affirmed report describing radiological reports and other medical records not included in the record cannot be used to "bootstrap" those records into evidence (Malupa v Oppong, 106 AD3d 538, 539 [1st Dept 2013] [internal quotation marks omitted]). Plaintiff also failed to raise a triable issue of fact with respect to his lumbar spine claim, as he presented no objective evidence of injury and the record is bereft of any evidence that plaintiff ever received treatment for his lumbar spine (see Stephanie N. v Davis, 126 AD3d 502, 502 [1st Dept 2015]).
As for plaintiff's 90/180-day claim, defendants established entitlement to summary judgment by demonstrating a lack of causation (see Henchy v VAS Express Corp., 115 AD3d 478 [1st Dept 2014]) and by submitting plaintiff's deposition testimony stating that he was never confined to his bed or his home following the accident (see Pakeman v Karekezia, 98 AD3d 840 [1st Dept 2012]). Plaintiff failed to raise a triable issue of fact[*2], as he did not submit any evidence to show causation or showing that he was "curtailed from performing his usual activities to a great extent rather than some slight curtailment" (Licari v Elliott, 57 NY2d 230, 236 [1982]; see Gaddy v Eyler, 79 NY2d 955 [1992]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2021