Sultan v Connery (2021 NY Slip Op 06567)





Sultan v Connery


2021 NY Slip Op 06567


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Index No. 158138/14 Appeal No. 14687 Case No. 2020-04843 

[*1]Burton Sultan, Plaintiff-Appellant,
v
Stephane Cosman Connery etc., Defendant-Respondent.


Burton S. Sultan, appellant pro se.
Cuomo LLC, Mineola (Steven R. Engrassia of counsel), for respondent.



Order, Supreme Court, New York County (Carol Ruth Feinman, J.), entered June 30, 2020, which denied plaintiff's motion to, inter alia, vacate a so-ordered stipulation of settlement, same court and Justice, entered August 8, 2019, unanimously affirmed, without costs.
The motion court providently exercised its discretion in denying plaintiff's motion to vacate the stipulation. The record contains multiple indicia of a valid disposition of the action by settlement, including a so-ordered stipulation signed by counsel following an allocution by plaintiff (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; City of New York v 130/40 Essex St. Dev. Corp., 302 AD2d 292, 294 [1st Dept 2003]).
Plaintiff has offered no evidence, other than self-serving affidavits executed in support of his motion, that he was debilitated when he entered into the settlement. Plaintiff attached to his motion papers an operative report showing that he was debilitated on September 15, 2019, some five weeks after entering into the settlement, when he received emergency medical treatment. However, that document is neither admissible nor probative of the claim at issue, because, among other defects, the surgical report is unaffirmed and uncertified, and in any event, offers no opinion as to whether plaintiff was debilitated five weeks earlier (see Morrison v Santana, 183 AD3d 456, 457 [1st Dept 2020]; Luetto v Abreu, 105 AD3d 558, 558-559 [1st Dept 2013]). Nor does the allocution transcript on its face give any indication that plaintiff did not understand the proceedings.
For the same reasons, the settlement was not procedurally unconscionable (see Gillman v Chase Manhattan Bank, N.A., 73 NY2d 1, 10-11 [1988]). Furthermore, this is not one of the rare "exceptional" cases where a contract is "so outrageous as to warrant holding it unenforceable on the ground of substantive unconscionability alone" (id. at 12). The disparity between what plaintiff asserts is the value of his claim ($230,000) and the consideration he received to forego that claim ($10,000) is not of itself of sufficient magnitude to support a finding of unenforceability on the ground of substantive unconscionability (see e.g. Scotts Co. v Ace Indem. Ins. Co., 51 AD3d 445, 446 [1st Dept 2008]). Nor was plaintiff certain to have prevailed should he have chosen to proceed to trial.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021