Natera v Veloz Livery Rentals Inc. (2022 NY Slip Op 03687)

Natera v Veloz Livery Rentals Inc.

2022 NY Slip Op 03687

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Renwick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 27183/19 Appeal No. 16076 Case No. 2021-04799 

[*1]Isis Nicole Natera, Plaintiff-Respondent,
v
Veloz Livery Rentals Inc. et al., Defendants-Respondents, Moussa Bagayoko, Defendant-Appellant.

James F. Butler & Associates, Jericho (Rebecca L. Marks of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for defendants-respondents.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered December 21, 2021, which, to the extent appealed from as limited by the briefs, denied defendant Moussa Bagayoko's motion for summary judgment dismissing the serious injury claim of significant limitation of use of the right knee (Insurance Law § 5102[d]) as against him, unanimously reversed, on the law, without costs, and the motion granted, and, upon a search of the record, defendants Veloz Livery Rentals Inc. and Soufiane Benounssi's motion for summary judgment granted. The Clerk is directed to enter judgment dismissing the complaint.
Defendants established prima facie that plaintiff did not sustain a serious injury to her right knee by presenting the report of an orthopedic surgeon who found no range of motion limitations or other qualitative or quantitative evidence of limitations in plaintiff's right knee (see Chawdhury v 3511 Sys. Inc., 193 AD3d 541 [1st Dept 2021]). Defendant also presented plaintiff's records from the hospital where she was treated after the subject accident. These records showed that she complained only of neck and lower back pain, and that the attending physician who examined her reported no evidence of trauma to her lower extremities, including her knee, and no right knee limitations. They also presented the affirmed reports of a radiologist who found a "[n]ormal knee" with no evidence of traumatic injury in MRI images and an orthopedic surgeon who opined that intra-operative photographs from arthroscopic surgery on that knee showed no evidence of trauma and no need for surgery (see Nadim v Gadi Inc., 190 AD3d 648 [1st Dept 2021]).
In opposition, plaintiff failed to raise an issue of fact, as she submitted only unaffirmed and uncertified medical records (see Morrison v Santana, 183 AD3d 456 [1st Dept 2020]; Walker v Whitney, 132 AD3d 478 [1st Dept 2015]). As an alternative holding, we find plaintiff's medical records contain no objective evidence of qualitative or quantitative limitations in her right knee contemporaneous with the accident (see e.g. Dellino v Puello, 189 AD3d 430 [1st Dept 2020]). While plaintiff underwent surgery to her right knee, there is no objective evidence plaintiff sustained a traumatic injury to her knee causally related to the accident (see Danvers v New York City Tr. Auth., 57 AD3d 252 [1st Dept 2008]).
Although Bagayoko's codefendants did not file a notice of appeal, we grant their motion for summary judgment dismissing the complaint as against them, because "if
plaintiff cannot meet the threshold for serious injury against one defendant, she cannot meet it against the other[s]" (Lopez v Simpson, 39 AD3d 420, 421 [1st Dept 2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022